CARTER, Judge.
This is an appeal from a trial court judgment declining to exercise jurisdiction under LSA-R.S. 13:1706.
FACTS
Appellee, Dene Stillwell Smith, and appellant, Mark Randall Smith, were separated by judgment of the Family Court, Parish of East Baton Rouge, State of Louisiana, on October 20,1982. In the judgment, appellee was awarded the care, custody, and control of the minor child bom of the marriage, namely Amanda Renee Smith, subject to appellant's rights of reasonable visitation. Thereafter, on May 20, 1983, appellant filed a petition for divorce with rules for contempt and change in status of visitation and/or custody in the Family Court, Parish of East Baton Rouge. On June 15, 1983, the trial judge rendered judgment on the rules, changing custody of Amanda Renee from appellee to appellant. The parties were subsequently divorced on June 17, 1983.
Thereafter, appellee moved to Denton, Texas, and subsequently married Kevin *275 Vance. On June 9, 1986, Amanda Renee went to Denton, Texas to visit with her mother. The visitation was to have ended and the child was to have been returned home to her father on July 21, 1986. However, during the visitation in Texas, Amanda Renee told her mother of repeated instances of sexual abuse by her natural father.
Shortly after her arrival in Texas, Amanda Renee was interviewed by Suzanne Levi-say, a certified social worker and licensed professional counselor, in Denton, Texas and told of specific instances of sexual misconduct between herself and her natural father. Thereafter, Amanda Renee began weekly sessions with the counselor. The Texas Department of Human Services was contacted on July 10, 1986. Pursuant to a referral, Cindy K. Noble, Child Protective Services Specialist for the Texas Department of Human Services in Denton County, Texas, evaluated the minor child on July 14, 1986. During the evaluation, Amanda Renee described specific acts of sexual abuse allegedly committed by appellant and demonstrated such alleged acts of sexual abuse on anatomically correct dolls.
On August 7, 1986, appellee filed a rule for change of custody in the Family Court, Parish of East Baton Rouge, State of Louisiana, seeking custody of Amanda Renee alleging that appellant had committed various acts of sexual abuse upon the minor child. Thereafter, appellee filed a rule to transfer jurisdiction, alleging that Louisiana was an inconvenient forum to make the custody determination under the circumstances and that the courts of Denton County, Texas were a more convenient forum. On February 18,1987, the trial judge rendered judgment declining to exercise jurisdiction upon finding that the Family Court, Parish of East Baton Rouge, State of Louisiana, was an inconvenient forum and that the Judicial District Court of Den-ton County, Texas, was a more appropriate forum to make that determination. From this judgment, appellant appeals.
The only issue presented is whether the trial court erred in declining jurisdiction under LSA-R.S. 13:1706 and in holding that the court of Denton County, Texas was a more convenient forum in which to litigate custody.
LSA-R.S. 13:1706 provides:
A. A court which has jurisdiction under this Part to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum,
B. A finding of inconvenient forum may be made upon the court’s own motion or upon motion of a party or a curator ad hoc or other representative of the child.
C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(1) If another state is or recently was the child’s home state.
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants.
(3) If substantial evidence concerning the child’s present or future care, protection, training, and personal relationships is more readily available in another state.
(4) If the parties have agreed on another forum which is no less appropriate, and
(6) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 1700.
D. Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
E. If the court finds that it is an inconvenient forum and that a court of *276 another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
F. The court may decline to exercise its jurisdiction under this Part if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.
G. If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys’ fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of court for remittance to the proper party.
H. Upon dismissal or stay of proceedings under this Section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.
I. Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact, (emphasis added)
Accordingly, we must review the evidence to determine whether the facts justify the trial court’s determination that Louisiana is an inconvenient forum.
The evidence demonstrates that the majority of the evidence concerning the minor child’s allegations of sexual abuse by her natural father, the results of the investigations by the Texas Department of Human Services, as well as the results of the psychological counseling and treatment received by the minor child is all more readily available in Texas. The trial judge determined that, although Louisiana had jurisdiction to make a modification of the custody decree, it should decline jurisdiction because, in the interest of the minor child, Texas should assume jurisdiction. The findings of the trial court are not manifestly erroneous.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.